## ATTACHMENT A

## STIPULATION OF FACTS

*The undersigned parties stipulate and agree that if this case had proceeded to trial, this Office would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

Between at least in or about August 2016 and in or about February 2017, in the District of Maryland and elsewhere, the Defendant, **ORLANDO ORTIZ** ("**ORTIZ**"), knowingly and willfully conspired and agreed with **Robert Smith** ("**Smith**") and others to effect transactions with access devices issued to other persons in order to receive payments and other things of value during a one-year period, the aggregate value of which was greater than $1,000, in a manner affecting interstate commerce, in violation of 18 U.S.C. § 1029(a)(5).

**ORTIZ**, with the intent to defraud, worked with **Smith** and others to steal peoples' credit cards and drivers' licenses in the greater Washington, D.C. area. **ORTIZ** and **Smith** then used those stolen credit cards to make various purchases that they were not entitled to make. Based on the length of the fraudulent conduct, **ORTIZ**'s relationship with his conspirators, and information provided by others, at least $21,000 in actual and intended losses were foreseeable to **ORTIZ** and within the scope of the conspiracy.

Over the course of the conspiracy, **ORTIZ** and his co-conspirators, including **Smith**, entered businesses located in Maryland and Washington, D.C. After entering the businesses, **ORTIZ** or his co-conspirator would distract the victim while the other co-conspirator obtained the victims' means of identification (generally, a driver's license) and credit card(s). **ORTIZ** and his co-conspirators thereafter would fraudulently use, without authorization, the victims' stolen credit card(s) and means of identification to purchase goods and gift cards from various retail locations. In total, their scheme involved at least ten victims. The following are examples of **ORTIZ** and his co-conspirators' fraudulent conduct:

On August 29, 2016, **ORTIZ** and **Smith** entered Business 1, located in Bethesda, Maryland, and stole credit cards and a driver's license from Victim 1. **ORTIZ** and **Smith** thereafter used Victim 1's credit cards to make or attempt to make the following purchases without Victim 1's permission: a $539.00 attempted purchase from Sunglass Hut, an $836.80 purchase from Lucky Brand Jeans, a $213 purchase from CVS, and a $64.15 purchase for gasoline. **ORTIZ** and **Smith** did not have Victim 1's permission to use these credit cards.

On September 6, 2016, **ORTIZ** and **Smith** entered Business 2, located in Bethesda, Maryland, and stole at least two credit cards from Victim 2's purse. On that same day, **ORTIZ** and **Smith** used Victim 2's credit cards to make two purchases at a CVS in Washington, D.C. for $2,034.32 and $15.89, respectively. **ORTIZ** and **Smith** did not have Victim 2's permission to use these credit cards.

On January 17, 2017, **ORTIZ** and **Smith** entered Business 7, located in Bethesda, Maryland, and stole a credit card from Victim 8's purse. That same day, **ORTIZ** and **Smith** used Victim 8's credit card to attempt to purchase four Visa gift cards in the amount of $500 each at a CVS located in Bethesda, Maryland. **ORTIZ** and **Smith** did not have Victim 8's permission to use this credit card.

On February 6, 2017, **ORTIZ** and **Smith** entered Business 8, located in Rockville, Maryland, and stole Victim 9's wallet. **ORTIZ** and **Smith** stole three of Victim 9's credit cards. Later that same day, **ORTIZ** and **Smith** used one of Victim 9's credit cards to make an $896.23 purchase at a CVS in Montgomery County, Maryland. **ORTIZ** and **Smith** did not have Victim 9's permission to use this credit card.

In total, **ORTIZ's** offense conduct involved at least ten victims including the victims discussed above. **ORTIZ** received at least $4,599.85 in proceeds from the scheme. Based on the length of the fraudulent conduct, **ORTIZ**'s relationship with his conspirators, and information provided by others, at least $21,000 in actual and intended losses were foreseeable to **ORTIZ** and within the scope of the conspiracy.

SO STIPULATED:

_____
Erin B. Pulice
Assistant United States Attorney

_____
Orlando Ortiz
Defendant

_____
Brian K. McDaniel, Esq.
Counsel for Defendant